# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 08 - 31353 |
| DURACO PRODUCTS, INC., | Chapter 11 |
| Debtor. | Hon. Eugene R. Wedoff |

## NOTICE OF MOTION

TO:    SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on **December 30, 2008**, at **9:30 a.m.**, or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, or such other judge as may be sitting in his stead, in courtroom 744 or in such other courtroom as occupied by him, 219 South Dearborn Street, Chicago, Illinois and shall then and there present the attached **DEBTOR'S MOTION FOR AUTHORITY TO (I) PAY $50,000 INITIAL RETAINER TO DEBTOR'S COUNSEL, (II) PAY AN ADDITIONAL $15,000 RETAINER ON A WEEKLY BASIS TO DEBTOR'S COUNSEL AND (III) ESTABLISH MONTHLY COMPENSATION FOR PROFESSIONALS PURSUANT TO 11 U.S.C. §105, 327, 328 AND 331**, at which time and place you may appear as you see fit.

Dated: December 19, 2008

                                          Respectfully submitted,

                                          DURACO PRODUCTS, INC.,
                                          Debtor and Debtor-in-Possession

                                          By:    /s/ Miriam R. Stein
                                                   One of its proposed attorneys

Michael L. Gesas (06186924)
Miriam R. Stein (06238163)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Telephone: 312.876.7100
Facsimile: 312.876.0288

## CERTIFICATE OF SERVICE

I, Miriam R. Stein, an attorney, certify that I caused a copy of the Notice of Motion and Motion to be served on the parties listed on the attached service list by deposit in U.S. Mail postage pre-paid on December 19, 2008.

/s/ Miriam R. Stein

DURACO PRODUCTS, INC.
08 B 31353
SERVICE LIST

Cameron M. Gulden
Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604

Franklin Capital Corp.
c/o Scott N. Schreiber
Shelly A. DeRouse
Stahl Cowen Crowley
Addis LLC
55 W. Monroe, Suite 1200
Chicago, IL 60603

William Choslovksy
DLA Piper US LLP
203 N. LaSalle Street
Suite 1900
Chicago, IL 60601

Louis D. Bernstein
Kurt M. Carlson
Colleen E. McManus
Much Shelist et al.
191 N. Wacker Drive
Suite 1800
Chicago, IL 60606

D. Patrick Mullarkey
Tax Division (DOJ)
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

United States Attorney
219 S. Dearborn Street
Chicago, IL 60604

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604

Associate Area Counsel
SB/SE
200 West Adams Street
Suite 2300
Chicago, IL 60606

A Federated Corporation
745 Dillon Drive
Wood Dale, IL 60191

Advance Payroll
3401 Enterprise Parkway
5th Floor
Beachwood, OH 44122

Alliance Staffing Inc.
c/o Robert Benjamin
Querrey & Harrow
175 W. Jackson Boulevard
Suite 1600
Chicago, IL 60606

Bullett Freight Systems Inc
721 E. Ball Road
Anaheim, CA 92805

Central Freight Lines, Inc.
c/o Chamblee & Ryan, PC
2777 Stemmons Freeway
Suite 1157
Dallas, TX 75207

Chase Equipment Leasing
c/o David L. Kane
Donald G. Mulack
Meltzer, Purtill & Stelle LLC
300 S. Wacker Drive
Suite 3500
Chicago, IL 60606

Conocophillips Company
P.O. Box 88
Bartlesville, OK 74005

Entec Polymers, Inc.
800 Court Avenue
Suite 5
Norwalk, CT 06855

Freightdoc Int'l Inc.
c/o Axelrod Goodman
Steiner & Baz
39 S. LaSalle Street
Suite 920
Chicago, IL 60603

IStern & Company
c/o Bryan Sims
1001 E. Chicago Avenue
Suite 111
Naperville, IL 60540

John M. Licht, et al.
c/o Douglas Chalmers
77 W. Wacker Drive
Suite 4800
Chicago, IL 60601

Matson Integrated Logistics
c/o Michael D. Weis
P.O. Box 1166
Northbrook, IL 60065

Plaspros, Inc.
1143 Ridgeview Drive
McHenry, IL 60050

Premium Molding, Inc.
c/o William B. Thompson
P.O. Box 584
Wheaton, IL 60189

Seaton Corporation
c/o McCabe & Hogan, PC
19 S. Borthwell Street
Suite 200
Palatine, IL 60067

Shannon Industrial
2041 Dillard Court
Woodstock, IL 60098

DURACO PRODUCTS, INC.
08 B 31353
SERVICE LIST

Solomon Edwards Group LLC
525 W. Monroe Street
Suite 570
Chicago, IL 60661

United Polychem, Inc.
c/o Steven D. Gertler & Associates, Ltd.
415 N. LaSalle Street
Chicago, IL 60610

USF Holland, Inc.
c/o McMahon & Sigunick Ltd.
412 S. Wells Street
Whiskeytown, CA 96095

Welch Packaging Group, Inc.
c/o Chad H. Gettleman
Brad A. Berish
Adelman & Gettleman, Ltd.
53 W. Jackson Boulevard
Suite 1050
Chicago, IL 60604

Home Depot USA Inc.
c/o Courtney E. Barr
Locke Lord Bissell & Liddell LLP
111 S. Wacker Drive
Chicago, IL 60606

Stag III Streamwood, LLC
c/o Deborah M. Gutfeld
DLA Piper US LLP
203 N. LaSalle Street
Suite 1900
Chicago, IL 60611

Kevin Lynch
Duraco Products, Inc.
1109 East Lake Street
Streamwood, IL 60107

Keevan D. Morgan
Morgan & Bley, Ltd.
900 W. Jackson Blvd.
Suite 4
Chicago, IL 60607

8303359.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 08 - 31353 |
| DURACO PRODUCTS, INC., | Chapter 11 |
| Debtor. | Hon. Eugene R. Wedoff |

**DEBTOR'S MOTION FOR AUTHORITY TO (I) PAY $50,000 INITIAL RETAINER TO DEBTOR'S COUNSEL, (II) PAY AN ADDITIONAL $15,000 RETAINER ON A WEEKLY BASIS TO DEBTOR'S COUNSEL AND (III) ESTABLISH MONTHLY COMPENSATION FOR PROFESSIONALS PURSUANT TO 11 U.S.C. §105, 327, 328 AND 331**

DURACO PRODUCTS, INC., debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, Michael L. Gesas, Miriam R. Stein and the law firm of Arnstein & Lehr LLP ("A&L")[1], its proposed attorneys, hereby moves for an Order (i) authorizing the Debtor to pay A&L a post-petition initial retainer in the amount of $50,000; (ii) authorizing the Debtor to pay an additional $15,000 per week retainer to A&L; and (iii) establishing procedures for monthly compensation for professionals. In support of this Motion, the Debtor represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The Debtor has also filed an Application seeking Court authority pursuant to 11 U.S.C. §327 to employ A&L as its bankruptcy counsel in this proceeding.

3

8301453.1

3.  The statutory predicates for the relief sought in this motion are Sections 105, 327, 328 and 331 of the Bankruptcy Code.

**BACKGROUND**

4.  On November 18, 2008 (the "Petition Date"), the Debtor (by attorney Keevan Morgan) filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5.  On November 26, 2008, Keevan Morgan was permitted to withdraw as Debtor's counsel.

6.  On November 26, 2008, Much Shelist Denenberg Ament & Rubenstein, P.C. ("Much Shelist") filed a motion for authority to use cash collateral and borrow money on a secured basis on behalf of the Debtor.

7.  On December 1, 2008, Much Shelist filed its Motion to Withdraw as counsel for the Debtor. On December 9, 2008, this Court entered an Order allowing the withdrawal of attorneys Louis D. Bernstein, Colleen E. McManus and their firm, Much Shelist Denenberg Ament & Rubenstein, P.C.

8.  Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtor continues to operate its business and manage its financial affairs as a debtor in possession. No trustee, examiner or committee has been appointed in this case.

9.  The Debtor is a corporation organized and existing under the laws of the State of Illinois. The Debtor is a manufacturer of plastic lawn and garden products, such as plant feeders, seed feeders, hummingbird feeders and birdbaths.

10. The Debtor is a tenant to a long-term lease for warehouse space in Streamwood, Illinois. At the end of the summer of 2008, *i.e.*, its slow season, the

4

Debtor failed to make a rental payment to the landlord, and was served with a forcible detainer action. After negotiations fell through, the landlord caused eviction proceedings to commence, which precipitated the instant bankruptcy proceeding.

11. The Debtor is a party to a pre-petition factoring agreement with Franklin Capital pursuant to which Franklin Capital advanced the Debtor 80% of the Debtor's accounts receivable in exchange for a purchase of the accounts receivable (the "Factoring Agreement"). The Factoring Agreement is subject to a clawback by which the Debtor would owe Franklin Capital monies for those accounts receivable that were not collected. The Factoring Agreement granted Franklin Capital a pre-petition security interest in all of the Debtor's assets.

12. On December 5, 2008, the Court entered an Interim Order authorizing the Debtor to (i) Use Cash Collateral; (ii) Borrow Money; (iii) Grant Security Interests; (iv) Accord Priority Status; and (v) Obtain Related Relief (the "Interim Financing Order"). The Interim Financing Order authorized the Debtor to, *inter alia*, sell its accounts receivable to Franklin Capital pursuant to the terms of the Factoring Agreement, assume the Factoring Agreement, and use cash collateral and borrow money on a secured basis to pay ordinary course expenses described on the budget attached to the Interim Financing Order.

## RELIEF REQUESTED

13. By this Motion, the Debtor is requesting an Order: (i) authorizing the Debtor to pay A&L a post-petition initial retainer in the amount of $50,000; and (ii) authorizing the Debtor to pay an additional $15,000 per week retainer to A&L to be held in escrow and applied pursuant to further Order of the Court.

8301453.1

14. By this Motion, the Debtor is also requesting that the Court authorize and establish procedures for the compensation and reimbursement of court-approved professionals (the "Professionals") on a monthly basis, on terms comparable to those procedures recently established in other chapter 11 cases in this district. Such order will streamline the professional compensation process and enable the Court and all other parties to monitor the professional fees incurred in this chapter 11 case more effectively. Accordingly, authorizing the relief requested herein is appropriate in this case.

## **BASIS FOR RELIEF**

### **Request for Retainer**

15. A&L would be the third law firm to represent the Debtor in this case in the short time period that this case has been pending. In order to minimize A&L's exposure to the risk of non-payment, the Debtor is requesting that it be authorized to pay A&L an initial retainer in the amount of $50,000 and an additional weekly retainer in the amount of $15,000 per week. The risk is especially great in this case given (i) the seasonal nature of the Debtor's business; (ii) the complexities of the case; and (iii) the contentiousness between parties. All of the funds to be paid to A&L as retainer would be held in escrow and applied pursuant to fee procedures as approved by this Court.

16. The Debtor paid A&L the sum of $20,000 on a post-petition basis. These funds are being held in escrow and shall be applied to the $50,000 retainer request as approved by this Court.

17. The amended budget to be submitted to the Court as part of the Interim Financing Order demonstrates sufficient cash flow to pay $15,000 per week to A&L.

8301453.1

18. Given the fact that extensive work will be required to reorganize the Debtor and work toward a successful restructuring, and the seasonal nature of the Debtor's business, and other risk factors inherent in this case, the Debtor maintains that it is appropriate to authorize the retainer payments as requested herein.

## Proposed Fee Procedures

19. The requested procedures will permit each Professional to present to the Debtor, its counsel, the U.S. Trustee, any committee (if appointed) and Franklin Capital's counsel, a statement of services rendered and expenses incurred by the Professional for the prior month. If there is no timely objection, the Debtor will pay ninety percent (90%) of the amount of fees incurred for the month, with a ten percent (10%) holdback, and one-hundred percent (100%) of the disbursements for the month. These payments will be subject to the Court's subsequent approval as part of the normal interim fee application process approximately every 120 days.

20. More specifically, the Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals:

(a) On or before the last day of the month following the month for which compensation is sought (the "Monthly Statement Date"), each Professional will submit a monthly statement to: (i) the Debtor at Duraco Products, Inc., 1109 E. Lake Street, Streamwood, IL 60107 (Attn: Kevin Lynch); (ii) counsel to the Debtor at Arnstein & Lehr LLP, 120 S. Riverside Plaza, Suite 1200, Chicago, IL 60606 (Attn: Michael L. Gesas); (iii) counsel to any official committee appointed in this case; (iv) counsel to Franklin Capital at Stahl Cowen Crowley Addis LLC, 55 W. Monroe, Suite 1200, Chicago, IL 60603 (Attn: Scott N. Schreiber); and (v) Office of the U.S. Trustee, 219 S. Dearborn Street, Suite 873, Chicago, IL 60606 (collectively, the "Notice Parties"). Each of the Notice Parties will have ten (10) days after the Monthly Statement Date to review the statement. The first statement shall be submitted and served by each of the Professionals by January 15, 2009 and shall cover the period from December 1, 2008 through December 31, 2008.

(b) At the expiration of the ten (10) day period, the Debtor will promptly pay ninety (90%) percent of the fees and one hundred percent (100%) of the disbursements

requested in each statement, except such fees or disbursements as to which an objection has been served as provided in paragraph (c) below. Any Professional who fails to submit a monthly statement shall be ineligible to receive further payment of fees and expenses as provided herein until such time as the monthly statement is submitted. The Professionals shall be authorized to draw upon any retainer to satisfy the payments authorized herein.

(c) In the event that any of the Notice Parties has an objection to the compensation or reimbursement sought in a particular statement, such Notice Party shall, within ten (10) days of the Monthly Statement Date, serve upon the respective professional and the other Notice Parties, a written "Notice of Objection to Fee Statement" setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional whose statement is objected to shall attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection within ten (10) days after receipt of such objection, the objecting party may file its objection with the Court and serve such objection on the respective professional and the other Notice Parties and the Court shall consider and dispose of the objection at the next interim fee application hearing. The Debtor will be required to pay promptly those fees and disbursements that are not the subject of a Notice of Objection to Fee Statement, to the extent that such fees and disbursements are not otherwise paid with retainer funds.

(d) Approximately every four (4) months, each of the Professionals, shall file with the Court and serve on the Notice Parties on or before the 45th day following the last day of the compensation period for which compensation is sought, an application for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested for the prior four (4) months. The first such application shall be filed on or before March 20, 2009 shall cover the period from the Petition Date through February 28, 2009. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted.

(e) The pendency of an application for a Court order for compensation and reimbursement of expenses, and the pendency of any Notice of Objection to Fee Statement or other objection, shall not disqualify a Professional from future payment of compensation or reimbursement of expenses as set forth above. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or this Court with respect to the final allowance of applications for compensation and reimbursement of expenses.

21. Except as otherwise ordered by the Court, all parties who have filed a notice of appearance with the Clerk of the Court shall receive notice of the fee application hearings.

8

8301453.1

22.    The Debtor further requests that each member of a creditor's committee, if or when appointed, be permitted to submit statements of expenses and supporting vouchers to counsel for the Committee, if any, who will collect and file such requests for reimbursement in accordance with the foregoing procedure for monthly and interim compensation and reimbursement of Professionals.

### Basis for Relief for Proposed Fee Procedures

23.    Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement of expenses incurred before such date as is provided under section 330 of this title. 11 U.S.C. §331.

24.    Section 105(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title ... shall be construed to preclude the Court from, *sua sponte* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules ... 11 U.S.C. § 105(a).

25.    Similar procedures for compensating and reimbursing court-approving professionals have been established in other chapter 11 cases. *See e.g., In re Neumann Homes, Inc. et al*, Case No. 07-20412 (jointly administered). The Debtor submits that the procedures sought herein are appropriate considering the above factors.

9

8301453.1

26.     No previous request for relief sought herein as been made to this Court or any court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) authorizing the Debtor to pay Arnstein & Lehr LLP an initial retainer in the amount of $50,000; (ii) authorizing the Debtor to pay Arnstein & Lehr LLP an additional retainer in the amount of $15,000 per week; and (iii) authorizing and establishing the fee procedures for the compensation and reimbursement of Professionals on a monthly basis as set forth above and (iv) granting the Debtor such other and further relief as is just and proper.

Dated:  December 19, 2008

Respectfully submitted,

DURACO PRODUCTS, INC.,
Debtor and Debtor-in-Possession

By:  /s/ Michael L. Gesas
One of its proposed attorneys

Michael L. Gesas (06186924)
Miriam R. Stein (06238163)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Telephone: 312.876.7100
Facsimile: 312.876.0288