## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 |
| | ) | |
| **DURACO PRODUCTS, INC.** | ) | **Case No.  08 B 31353** |
| | ) | |
| Debtor. | ) | **Honorable Eugene R. Wedoff** |
| | ) | **Motion Date:  April 14, 2010** |
| | ) | **Motion Time:  9:30 a.m.** |

## NOTICE OF MOTION

TO:     See attached

PLEASE TAKE NOTICE THAT on April 14, 2010, at the hour of 9:30 a.m.., the undersigned shall appear before the shall be heard by the Honorable  Eugene R. Wedoff of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 744 at 219 South Dearborn Street, Chicago, Illinois. 60604, and there and then present **FINAL FEE APPLICATION FOR COMPENSATION OF COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND REQUEST FOR SHORTENED TIME TO FILE THE SAME.**  A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

QUERREY & HARROW, LTD.

## AFFIDAVIT OF SERVICE

I, Beverly A. Berneman, an attorney, certify that I caused the foregoing Notice of Motion and Motion upon the persons to whom it is addressed by mailing copies of the same to them and depositing it in the U.S. Mail at 175 West Jackson Boulevard, Chicago, Illinois at 4:00 p.m. on March 18, 2010 with proper postage prepaid.

*/s/Beverly A. Berneman*
Beverly A. Berneman

QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

## Service List

Cameron M. Gulden
Office of the US Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604

Michael L. Gesas
Miriam R. Stein
Arnstein & Lehr, LLP
120 South Riverside Plaza, 1200
Chicago, IL 60606-3910

Franklin Capital Corp.
Shelly A. DeRousse
Scott Shreiber
Stahl Cowen Crowley Addis LLC
55 West Monroe Street, Suite 1200
Chicago, IL 60603

Eugene Crane
Crane Heyman Simon Welch & Clar
135 S LaSalle, Suite 3705
Chicago, IL 60603

Kevin Lynch
Duraco Products, Inc.
1109 E. Lake Street
Streamwood, IL  60107

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | |
| **DURACO PRODUCTS, INC.** | ) | **Case No.  08 B 31353** |
| | ) | |
| Debtor. | ) | **Honorable Eugene R. Wedoff** |
| | ) | **Motion Date:  April 14, 2010** |
| | ) | **Motion Time:  9:30 a.m.** |

**FINAL APPLICATION FOR COMPENSATION OF COUNSEL**
**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The law firm of QUERREY & HARROW, LTD. ("Q&H"), counsel for the Official Committee of

Unsecured Creditors of Debtor, Duraco Products, Inc. (the "*Committee*")  applies to this court for an

order approving the payment of final fees in the amount $28,775.00 plus costs in the amount of $93.40

and to shorten the time to file this final fee petition and in support thereof states as follows:

### I.  Narrative Summary

1.      On November 18, 2009 the above-captioned debtor (the "*Debtor*")   filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

Northern District of Illinois.

2.      On January 5, 2009 the Office of the United States Trustee (the "*U.S. Trustee*") appointed

the Committee as an official committee to represent the interests of unsecured creditors of the Debtor

pursuant to section 1102 of the Bankruptcy Code.  The Committee then selected Q&H as counsel.

3.      On January 14, 2009, this Court entered an order approving the retention of Q&H as

counsel for the Committee.

4.      On February 12, 2009, this Court entered an Administrative Order Establishing

Procedures for lnterim Compensation and Reimbursement of Expenses for Professionals (the

"*Administrative Order*"). The Administrative Order allows for the payment of 90% of monthly fees and

100 % of expenses incurred upon a submission of a monthly fee statement. The Administrative Order provides that counsel must serve copies of the monthly fee statement on the following parties (collectively, the "*Notice Parties*"): (i) counsel for the Debtor, Arnstein & Lehr LLP, 120 South Riverside Plaza, Suite 1200, Chicago, Illinois 60606, Attn: Michael L. Gesas; (ii) the Debtor at Duraco Products, Inc., 1109 E. Lake Street, Streamwood, IL 60107, Attn: Kevin Lynch; (iii) counsel to Franklin Capital at Stahl Cowen Crowley Addis LLC, 55 W. Monroe, Suite 1200, Chicago, IL 60603, Attn: Scott N. Schreiber); (iv) Office of the U.S. Trustee, 219 S. Dearborn Street, Room 873, 35096-0012 Chicago, IL 60604; and (v) any other party requesting notice of monthly statements.

5.    In accordance with the Administrative Order, to date, Q&H has served monthly fee statements upon the Notice Parties. The monthly fee statements are summarized as follows:

| Period Covered | Amount of Fees Sought | Amount of Expenses Sought | Amount Available For Distribution (90%) | Retainage (10%) |
|---|---|---|---|---|
| 10/1/2009 to 10/31/2009 | $ 8,816.00 | $0 | $ 7,934.40 | $  881.60 |
| 11/1/2009 to 11/30/2009 | $ 5,680.00 | $0 | $ 5,112.00 | $  568.00 |

6.    Q&H has not filed monthly fee statements for December 2009 or January 2010.

7.    Q&H has not yet received the amounts available for distribution.

8.    Q&H did not receive any objections to the monthly fee statements.

9.    To date, this Court has approved the following fee petitions in the following amounts:

a.    On April 22, 2009 for the period covering December 1, 2008 to February 28, 2009, fees in the amount of $31,240.00 and $390.23 in costs and expenses;

b.    On August 18, 2009 for the period covering March 1, 2009 to May 31, 2009, fees in the amount of  $27,010.23 and $59.60 in costs and expense; and

c.    On January 27, 2010 for the period covering June 1, 2009 to September 30, 2009, fees in the amount of $31,881.13 and $75.60 in costs and expenses.

-2-

## II.  Case Status

10.     On February 17, 2010, this Court entered an order converting this case to a case under

Chapter 7 of the Bankruptcy Code. As a result, the Committee is no longer involved in the case and their

need for counsel has been concluded.

11.     Details regarding the services performed by Q&H appear below.

## III.  Description of the Fee Petition

A.     <u>General Information.</u>     Rule 2016(a) of the Bankruptcy Rules requires a detailed

application for fees.  The primary objective of this fee application is to reveal sufficient information to

enable the court to determine whether the services rendered in representing the Debtor were reasonable,

actual and necessary.  Q&H has provided accurate and detailed records of the services which were made

contemporaneously with the services performed.  *In re Chicago Lutheran Hospital Association*, 89 B.R.

719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended

in each category.  Much care has been taken to properly categorize the activities to the degree possible.

Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary.

*Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983);  *In re Temple Retirement

Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); In re *Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill.

1987).

B.     <u>Billing Entries.</u>  Q&H uses computerized time and billing software in the preparation of a

fee petition.  The software is versatile and lends itself to the particular requirements of a fee petition

under the Bankruptcy Code.

This final fee petition contains a narrative summarizing the nature and purpose of each particular

activity or project and the approximate number of hours and compensation sought for each activity.  It

contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service.  Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed.  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

      C.    <u>Hourly Charges.</u>

      Q&H charges all clients, including for non-bankruptcy matters, $450.00 per hour for partner attorney time in court; $320.00 per hour for other partner attorney time, $225.00 per hour for associate time, $150.00 per hour for travel time and $85.00 per hour for paralegal time.

### IV.  Project Summary

From June 1, 2009 to September 30, 2009, the Committee has incurred $28,775.00 in fees at Q&H's customary hourly fee rates and $93.40 in costs.

The billing rates for each attorney and paraprofessional are identified.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

-4-

## A.    ADMINISTRATION.

The activities in the general administration category are those activities which are a necessary part of the representation of the Committee, such communications with members of the Committee, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, contact and discussions with the attorneys for the Debtor, communicating the United States Trustee's office regarding issues related to the case, monitoring Debtor's operations, and advising the Committee regarding the status of the case and provide advice regarding the Chapter 11 case. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor being able to streamline its operations. The remainder of the services was of non-economic benefit to the Debtor and its estate by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|----------|-------|-------------|--------|
| R.R. Benjamin | 2.50 | 320.00 | 375.00 |
| R.R. Benjamin | 5.80 | 480.00 | 1,856.00 |
| R.R. Benjamin | 2.50 | 150.00 | 1,200.00 |
| B.A. Berneman | 13.30 | 320.00 | 4,256.00 |
| B.A. Berneman | 0.80 | 480.00 | 384.00 |
| E.E. Sethna | 0.90 | 320.00 | 288.00 |
| | 25.80 | | $ 8,359.00 |

## B.    AUTOMATIC STAY

The activities in the automatic stay category involve motions to modify the automatic stay that were brought against the Debtor. Q&H monitored the proceedings and took positions on behalf of the Committee in order to protect its interests. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor being able to protect the

-5-

rights of unsecured creditors. The remainder of the services was of non-economic benefit to the Debtor

and its estate by promoting the bankruptcy process and the smooth administration of the cases.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibits A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|----------|-------|-------------|--------|
| R.R. Benjamin | 0.50 | 320.00 | 240.00 |
| B.A. Berneman | 0.70 | 320.00 | 224.00 |
| B.A. Berneman | 0.40 | 480.00 | 192.00 |
| E.E. Sethna | 0.60 | 320.00 | 192.00 |
| E.E. Sethna | 1.10 | 480.00 | 528.00 |
| | 3.30 | | $ 1,376.00 |

## C.   CLAIMS

The activities in the claims category are those activities connected with the creditors regarding

their claims and reviewing claims of creditors. The services benefited the estate on an economic basis

addressing claims issues that resulted in the collection of operating funds to the estate. The services

benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|----------|-------|-------------|--------|
| B.A. Berneman | 1.60 | 320.00 | $    512.00 |
| B.A. Berneman | 0.30 | 480.00 | 144.00 |
| | 1.90 | | $    656.00 |

### C.    EXECUTORY CONTRACTS

Q&H has been monitoring potential issues involve executory contracts. Particularly, Q&H was involved in the Debtor's evaluation of an alternative plant location and offers from its current landlord to enter into a new lease. When the landlord declared a default of the lease, Q&H was actively involved in attempting to resolve the declaration of default in order to protect the interests of unsecured creditors. The services benefited the estate on an economic basis either preserving valuable contracts or rejecting contracts that have little or no benefit to the estate. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|----------|-------|-------------|--------|
| R.R. Benjamin | 4.80 | 320.00 | 1,536.00 |
| B.A. Berneman | 14.50 | 320.00 | 4,640.00 |
| B.A. Berneman | 0.50 | 480.00 | 240.00 |
| | 19.80 | | $ 6,416.00 |

### D.    FEE PETITION.

Q&H has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate. In addition, counsel expended time drafting this fee petition. Included in this section is the time expended in reviewing Debtor's counsel's monthly fee statements pursuant to the Administrative Order.

The fees incurred in this section relate to the filing of the Third Interim Fee Petition and the Final Fee Petition. In the Third Interim Fee Petition, Q&H sought approval of fees in the amount of $32,252.50 and reimbursement of expenses in the amount of $75.60. In this final fee petition, Q&H seeks approval of

fees in the amount of $28,775.00 and reimbursement of expenses in the amount of $93.40. Q&H requests

that the time incurred be evaluated accordingly.

An itemized breakdown of the services rendered to the Debtor is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| B.A. Berneman | 7.20 | 320.00 | $2,304.00 |

### E.  FINANCING

Q&H monitored and took part in discussions regarding the Debtor and Franklin Capital's ongoing

relationship which has been antagonistic from time to time. Q&H has participated in discussions,

investigations and negotiations of interim cash collateral orders. Q&H also participated in Debtor's

successful efforts to find replacement factoring financing. The fees incurred resulted in an economic

benefit to Debtor's estate by preserving the estate.  The non-economic benefits resulted from aiding the

administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R.R. Benjamin | 2.30 | 320.00 | $    736.00 |
| R.R. Benjamin | 1.50 | 480.00 | 720.00 |
| B.A. Berneman | 14.40 | 320.00 | 4,608.00 |
| B.A. Berneman | 0.50 | 480.00 | 240.00 |
|  | 18.70 |  | $ 6,304.00 |

### F.  PLAN

Counsel had secured Debtor's agreement to propose a joint plan with the Committee. Counsel  has

met with Debtor and its counsel and the process of determining proposed distributions has begun.

Unfortunately, the conversion of the case frustrated the potential reorganization efforts. The services

resulted in an economic benefit to Debtor's estate by aiding the Debtor in concluding these proceedings

in a timely manner for the benefit of its unsecured creditors.  The non-economic benefits resulted from

aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| **Attorney** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|
| R.R. Benjamin | 0.70 | 320.00 | 224.00 |
| R.R. Benjamin | 0.50 | 480.00 | 240.00 |
| B.A. Berneman | 8.60 | 320.00 | 2,752.00 |
| B.A. Berneman | 0.30 | 480.00 | 144.00 |
| | 10.10 | | $  3,360.00 |

*I.   COSTS AND EXPENDITURES*

Q&H seeks reimbursement of $93.40 for travel costs  these expenses were necessary to

accomplish the proper representation of the Committee.  An itemization of these costs is included in

Exhibit A.

## V.  Certification

Q&H certifies that it served a copy of the chronological itemization of services rendered to

members of the Committee and to the Debtor.  To date, Q&H has not received an objection to the

fees.

## VI.  The Value of the Services for Which
## Compensation is Sought and Preservation of the Retainer

Section 330(a) of the Bankruptcy Code provides:

(a)    After notice to any parties in interest and to the United States trustee and a
hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a
trustee, to an examiner, to a professional person employed under section 327 or 1003 of this
title, or to the debtor's attorney:

(1)    reasonable compensation for actual, necessary services rendered by
such trustee, examiner, professional person, or attorney, as the case may be, and by any
paraprofessional persons employed by such trustee, professional person, or attorney, as the
case may be based on the nature, the extent, and the value of such services, the time spent on
such services, and the cost of comparable services other than in a cases under this title; and

(2)     reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by Q&H. The various issues involved required experienced bankruptcy counsel. Q&H attorneys have over ninety (90) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, Q&H was precluded from accepting cases requiring extensive representation during the initial phase of these cases. Q&H was able to accomplish a great deal directed towards aiding the Debtor through the reorganization process while representing the concerns of creditors at large. Considering the results obtained by Q&H the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VII. Conclusion

WHEREFORE, QUERREY & HARROW, LTD. requests that this court enter an Order:

A.     Determining that the legal services and fees incurred were necessary and reasonable;

-10-

B.      Allowing final compensation in the amount of $28,775.00 and authorizing Debtor to pay any sums not yet disbursed to Q&H pursuant to the Administrative Order;

C.      Allowing reimbursement of expenses in the amount of $93.40 and authorizing Debtor to pay any sums not yet disbursed to Q&H pursuant to the Administrative Order;

D.      Allowing Q&H to receive a disbursement of the remaining 10% of the fees retained pursuant to the Administrative Order;

E.      Confirming final approval of all fees allowed in the First, Second and Third Interim Applications for Compensation in addition to this Final Application for Compensation; and

F.      Granting such other and further relief as this court may deem just and proper.

QUERREY & HARROW, LD.

By: /s/*Beverly A. Berneman*
        Beverly A. Berneman

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
QUERREY & HARROW, LTD.
175  West Jackson Boulevard, Suite 1600
Chicago, Illinois  60606
(312) 540-7000