## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 08-31353 |
| ) | Chapter 7 |
| DURACO PRODUCTS, INC., ) | Judge Eugene R. Wedoff |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER ESTABLISHING SALE PROCEDURES, APPROVING FORM OF SALE NOTICE, AND SETTING SALE AND HEARING DATES

AT CHICAGO, Illinois in said Division and District before the Honorable Eugene R. Wedoff, Bankruptcy Judge, this 27th day of April, 2010:

This matter coming to be heard on the Motion of the trustee, Eugene Crane ("Trustee"), to (A) Establish Sale Procedures, (B) Set Hearing Date on Sale, and (C) Approve Form of Notice (the "Sale Motion"); proper notice of the Sale Motion having been given to the United States Trustee, and the official service list comprised of counsel for all parties who have requested that they be served herein pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, counsel for all interested parties having had an opportunity to be heard and no objections having been interposed; the Court having concluded that there appears to be sufficient cause for granting the relief requested in the Sale Motion, that such relief is in the best interests of the Debtor's estate and the Debtor's creditors, and that such relief will not unduly prejudice any other parties-in-interest in this Chapter 7 case; and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

{33115: 001: 00539926.DOC :5 }

1.  This Court has jurisdiction over this matter and the parties and property affected thereby pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (N).

2.  The procedures (collectively, the "Bidding Procedures") described in the Sale Motion for selling the Property (as defined in the Sale Motion), and the procedures for competitive bidding at the Auction are approved in all respects.

3.  The form of the Notice of Sale and Opportunity to Bid (the "Sale Notice") annexed to this order as **Exhibit A** is hereby approved. Trustee's counsel is directed to transmit the Sale Notice, with the Bidding Procedures, to the United States Trustee, relevant taxing authorities including the Internal Revenue Service, all known creditors, all parties to the Debtor's executory contracts and unexpired leases, the official service list, and all potential purchasers known to the Trustee.

4.  The Trustee shall publish the Sale Notice, without the Bidding Procedures, in the auction section of the *Chicago Tribune* in a legible form. The Trustee is authorized to pay for the cost of publishing the sale notice out of funds held by the estate.

5.  Any party wishing to bid on the Acquired Assets must comply with the terms of the Bidding Procedures.

6.  Assuming any party other than Meadoworks LLC submits to the Trustee by 5:00 pm. on May 3, 2010 a qualifying bid for the Acquired Assets in accordance with the Bidding Procedures, a public sale (the "Auction") pursuant to Section 363 of the Bankruptcy Code of the Acquired Assets shall be held on May 4, 2010 commencing at 9:00 a.m. at the offices of Crane, Heyman, Simon, Welch & Clar, 135 S. LaSalle, Suite 3705, Chicago, Illinois. Objections to the holding of the Auction and the proposed Sale, if

{33115: 001: 00539926.DOC :5 }

any, ("Auction and Sale Objections") must be in writing and must be filed with the Clerk of the Bankruptcy Court on or before noon on May 3, 2010.

7. A hearing to approve the highest and best offer for the purchase of the Acquired Assets as submitted at the Auction and to approve the Sale of the Assets to the party submitting such offer shall be held immediately following the Auction on May 4, 2010 at 10 a.m. in Courtroom 744 at the United States Bankruptcy Court, 219 S. Dearborn, Chicago, Illinois, 60604 ("Sale Hearing").

8. Copies of Auction and Sale Objections, and competing bids shall be served either by messenger, facsimile or electronic mail, upon the following parties:

Jeffrey C. Dan
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle, Suite 3705
Chicago, IL 60603
Via Facsimile - (312) 641-6777
Email -jdan@craneheyman.com

Eugene Crane
Crane, Heyman, Simon, Welch & Clar
135 S. LaSalle, Suite 3705
Chicago, IL 60603
Via Facsimile - (312) 641-6777
Email - ecrane@craneheyman.com

James Teich
134 N. LaSalle Street, Suite 2250
Chicago, IL 60602
Fax 312-726-8707
Email-jjt@teichlaw.com

9. Meadoworks LLC or any other "Successful Purchaser" (as such term is defined in the Sale Motion) shall be required to execute a license agreement (the "License Agreement") with STAG III Streamwood, LLC ("STAG") in form and substance acceptable to STAG for the use of the premises at 1109 E. Lake Street in Streamwood, Illinois (the "Premises") from the period from the entry of the Sale Order through July 31, 2010.

10. To the extent the Trustee and/or the Successful Purchaser remains on the Premises after July 31, 2010, such party shall be required to pay a holdover fee to

{33115: 001: 00539926.DOC :5 }

STAG in the amount of $2,500.00 per day.

11.     Notwithstanding anything in the Sale Motion to the contrary, STAG shall agree to the receipt of sale proceeds in the amount of $415,000 with respect to solely its chapter 7 administrative expense claim for rent/use and occupancy from the period from the conversion of the Debtor's case (the "Conversion Date") to chapter 7 through July 31, 2010. STAG has not waived, will not waive, and shall not be deemed to have waived any ~~other claims, including, but not limited to: (a) its chapter 11 administrative claims; (b) any unsecured claims; and~~ such (c) any chapter 7 administrative claim arising out of or relating to anything, other than rent/use and occupancy, arising after the date of this order ~~for the period from the Conversion Date through July 31, 2010 or thereafter~~ (e.g., tort claims relating to any actions of the Trustee or the Auctioneer).

12.     Any reference to "fixtures" in the APA (as such term is defined in the Sale Motion) or any other agreement entered into with the Successful Purchaser shall provide that the Acquired Assets shall not include traditional real estate fixtures, and any reference to "fixtures" therein shall be deemed to refer solely to trade fixtures; <u>provided</u>, <u>however</u>, that except for cranes and silos, the fixtures listed on Exhibit A to the APA shall be deemed to be trade fixtures.

13.     Notwithstanding anything to the contrary in the APA of any other agreement entered into with the Successful Purchaser, the Acquired Assets shall not include any (a) cranes located within the building or (b) material silos located outside of the building on the Premises, except to the extent (if any) that Duraco owned or installed such cranes. Within ~~one week~~ five ~~six days~~ of entry of this Order, STAG will ~~identify to~~ file documentation ~~to~~ indicating its ownership of any ~~to~~ cranes ~~Meadoworks and the Trustee those~~ cranes ~~that STAG contends were not owned or installed by Duraco~~ on the premises. In the absence of such documentation, the cranes on the premises will be deemed owned by Duraco and subject to final sale.

{33115: 001: 00539926.DOC :5 }

14. To the extent that the following items are sold as part of the Acquired Assets, the air lines shall be removed (up to the wall, ceiling or floor, if and as applicable) together with such equipment: (a) (2) Ingersoll Rand T30 Compressors; (b) Ingersoll Rand SSR-EP75 Compressor, S# CK363U00228; (c) Ingersoll Rand TM 600T Compressor, S# 97MTM604; and (d) Ingersoll Rand TM400-T Compressor, S# OOHTMA1616.

15. Neither the Trustee nor any Successful Purchaser (including Meadoworks) shall be permitted to abandon any Acquired Assets at the Premises, except for furniture and equipment; <u>provided</u>, <u>however</u>, that if the Successful Purchaser abandons equipment, then the Successful Purchaser shall reimburse STAG for the cost of removal of the equipment from the Premises.

16. To the extent the removal of the Acquired Assets results in any damage to the Premises, normal wear and tear excepted, such damage must be immediately repaired by the Successful Purchaser to STAG's satisfaction and approval.

17. Neither the Successful Purchaser nor STAG shall be responsible for the payment of any electricity bills.

18. Meadoworks or any other Successful Purchaser shall be required to provide evidence of (a) commercial liability insurance with a minimum coverage amount of $2,000,000 and (b) the addition of STAG and its lenders as additional insureds on the applicable insurance policy of Meadoworks or such other Successful Purchaser.

19. The Trustee is further authorized and empowered to take such additional and other steps as may be reasonably necessary or appropriate to effectuate the Bidding Procedures approved by the terms of this order.

20. This order is a final order and effective immediately.

ENTER:

/s/ Eugene R. Wedoff
_____
Bankruptcy Judge

27 APR 2010

{33115: 001: 00539926.DOC :5 }

TRUSTEE'S COUNSEL
Eugene Crane, Esq. (Atty. No. 0537039)
Jeffrey C. Dan, Esq. (Atty. No. 06242750)
CRANE, HEYMAN, SIMON, WELCH & CLAR
135 South LaSalle Street, Suite 3705
Chicago, Illinois 60603
(312)641-6777